ROCKWELL INTERNATIONAL CORPORATION, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE.

No. 82–3046.

United States Court of Appeals, Third Circuit.

Argued Sept. 15, 1982.

Decided Nov. 29, 1982.

As Amended Dec. 2, 1982.

Richard A. Mullens (argued), Robert E. Liles, II, Silverstein & Mullens, Washington, D.C., for appellant.

Michael L. Paup, Ernest J. Brown (argued), U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellee.

## OPINION OF THE COURT

Before SEITZ, Chief Judge, ROSENN and GARTH, Circuit Judges.

PER CURIAM.

### I.

Rockwell International Corp. (taxpayer) appeals from the Tax Court's denial of its petition to redetermine a tax deficiency and argues that it was an abuse of discretion for the Commissioner of Internal Revenue to disallow a $16,250,000 writedown in inventory held under a fixed-price contract. Taxpayer computed this writedown pursuant to its method of inventory accounting, which it claims is acceptable under I.R.C. §§ 446 and 471.

Sections 446 and 471 vest the Commissioner with wide discretion to determine whether a particular method of accounting should be disallowed as not clearly reflective of income. The United States Supreme Court has held that the "Commissioner's disallowance of an inventory accounting method is not to be set aside unless shown to be 'plainly arbitrary.'" *Thor Power Tool Co. v. Commissioner,* 439 U.S. 522, 532–33,

99 S.Ct. 773, 780–781, 58 L.Ed.2d 785 (1979) (quoting *Lucas v. Structural Steel Co.,* 281 U.S. 264, 271, 50 S.Ct. 263, 265, 74 L.Ed. 848 (1930)). The Tax Court held that the Commissioner's disallowance of taxpayer's 1969 inventory writedown was not plainly arbitrary and that the Commissioner did not abuse his discretion. *Rockwell International Corp. v. Commissioner of Internal Revenue,* 77 T.C. 780 (1981). We affirm.

### II.

Section 471 allows taxpayers to calculate taxable income by inventory accounting. Treasury Regulation section 1.471–4 allows taxpayers to value inventory at lower of cost or market.

In 1969, taxpayer estimated that its total loss under an ongoing fixed-price contract would be $16,250,000. Inventory held under that contract could only be sold to the contract buyer. Because taxpayer reasoned that the value of its inventory had thus decreased by the amount of loss it would suffer under the contract, taxpayer used lower of cost or market to write down the value of its 1969 inventory by the estimated $16,250,000 net loss.

The Tax Court addressed two issues in affirming the Commissioner's disallowance of that writedown. First, did the Commissioner abuse his discretion in refusing to recognize taxpayer's entire projected loss in 1969? Second, did the Commissioner abuse his discretion in finding that taxpayer had presented insufficient objective evidence to support a writedown of any portion of that projected loss?

### A.

The Tax Court held that it was not an abuse of discretion for the Commissioner to disallow recognition of taxpayer's entire estimated net loss in its 1969 taxable income. At the time of the writedown, taxpayer had incurred less than half of the total costs to complete and the contract was six years from completion. Thus, taxpayer

attempted to recognize a loss that was at least partially attributable to costs it had not yet incurred.

The lower of cost or market method of valuation allowed under section 471 is an exception to the principle that there is no recognition of profit or loss under the tax laws until there is a realizable event. However, this does not mean that under lower of cost or market a taxpayer may recognize a loss for costs it has not yet incurred.

Because the Commissioner has wide discretion to reject the use of any accounting method that does not clearly reflect income, we agree with the Tax Court's decision that there was no abuse of discretion here.

## B.

■ The Tax Court held that even if taxpayer had attempted to attribute only part of the $16,250,000 loss to 1969 inventory, it was not an abuse of discretion for the Commissioner to conclude that there was insufficient objective evidence of a below cost value of currently held inventory to support any writedown in that year.

In *Thor Power Tool,* the Supreme Court held that the "Commissioner in his discretion may insist on a high evidentiary standard before allowing write-downs of inventory to 'market.'" *Id.* 439 U.S. at 538, 99 S.Ct. at 784. The Commissioner's conclusion that any writedown of taxpayer's 1969 inventory was too speculative under *Thor Power Tool* is adequately supported by the record.

Taxpayer presented no evidence that assigned any part of the projected $16,250,000 loss to a decrease in value of inventory held in 1969. Because all of the evidence offered to justify the writedown was tied to total estimated costs and total estimated revenues under the contract, a writedown in 1969 based on any portion of the total projected loss must fail if the Commissioner found either of those two estimates speculative. He found both estimates too speculative under *Thor Power Tool.*

The Commissioner found that taxpayer's 1969 estimates of costs to completion were too speculative to support a writedown to lower of cost or market because in 1969 taxpayer had incurred less than half the total costs under the contract, the contract had six years to run, and taxpayer's estimates of costs to complete varied widely. The Commissioner also found that taxpayer's 1969 estimation of total revenues under the contract was too speculative to support a writedown. He based this finding on the fact that the relevant contract was an incentive-price contract that contemplated a single aggregate ceiling price equal to the sum of individually negotiated ceilings. Any unused ceiling on given work could be used to offset overruns on other portions of the contract. Thus, every addition of new work to the basic contract offered two more opportunities to improve overall contract profitability—the opportunity to negotiate a favorable ceiling on additional work and the opportunity to render a cost effective performance, thereby permitting the unused ceiling to be applied elsewhere. In 1969, a number of changes to the contract had yet to be made. Thus, at the time of the writedown there were future opportunities to cut the 1969 projected loss.

The Tax Court held that it was not an abuse of discretion under these circumstances for the Commissioner to reject as speculative any writedown of 1969 inventory. We agree.

The decision of the Tax Court will be affirmed.